UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN ACKLEY,<br><br>    Plaintiff,<br><br> v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. EDCV 11-1945-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On December 16, 2011, Susan Ackley ("Plaintiff") filed a Complaint seeking review of the decision by the Commissioner of the Social Security Administration ("Commissioner") denying her applications for Social Security Disability Insurance benefits and Supplemental Security Income ("SSI") disability benefits. The Commissioner filed an Answer on March 19, 2012. On May 29, 2012, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before the undersigned Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed and the case dismissed with prejudice.

## BACKGROUND

Plaintiff was born on August 5, 1966, and was 41 years old on her alleged disability onset date of January 1, 2008. (AR 124.) Plaintiff filed applications for Social Security Disability Insurance benefits and SSI disability benefits on February 5, 2009 (AR 117-31), and claims she is disabled due to bipolar disorder, depression, anxiety, seizures, and pain in her hands, among other things. (AR 141.) Plaintiff has not engaged in substantial gainful activity since her alleged onset date of January 1, 2008. (AR 12.)

Plaintiff's claim was denied initially on June 3, 2009 (AR 58-63), and upon reconsideration on August 4, 2009. (AR 67-72.) Plaintiff then filed a timely request for hearing on August 25, 2009. (AR 74.) Plaintiff appeared with counsel and testified at a hearing held on August 16, 2010, before Administrative Law Judge ("ALJ") Sharilyn Hopson. (AR 22-40.) The ALJ issued a decision denying benefits on December 2, 2010. (AR 10-18.) The Appeals Council denied review on October 26, 2011. (AR 1-3.)

## DISPUTED ISSUE

As reflected in the Joint Stipulation, there is one disputed issue: whether the ALJ properly assessed Plaintiff's credibility.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d) (1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in the regulations at 20 C.F.R. Part 404, Subpart P, Appendix I. Id. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first

must determine the claimant's residual functional capacity ("RFC").[1]  20 C.F.R. § 416.920(e). The RFC must account for all of the claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.  If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity.  Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R. § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits.  Id.

## THE ALJ'S DECISION

In this case, the ALJ determined at step one that Plaintiff has not engaged in substantial gainful activity since her alleged disability onset date of January 1, 2008.  (AR 12.)

At step two, the ALJ determined that Plaintiff suffers from the following severe impairments:  seizure disorder, affective mood disorder, methamphetamine dependence,

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

4

joint pain in the hands and wrists, calix formations on the inner parts of the palms, and asthma. (AR 12.)

At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 12-13.)

The ALJ found that Plaintiff has the RFC to "lift and/or carry 50 pounds occasionally and 25 pounds frequently; stand and/or walk six hours out of an eight-hour day; no sitting limitations; cannot climb ladders, ramps, or scaffolds; cannot work at heights or balance; no significant exposure to excessive concentration of pulmonary irritants such as smoke, dust, and fumes; should work in an air-conditioned environment; no work requiring agility; no highly dexterous work, but can perform fine and gross manipulation bilaterally on a frequent basis; and limited to nonpublic simple repetitive tasks." (AR 13-14.) In determining this RFC, the ALJ also made an adverse credibility determination. (AR 15.)

At step four, the ALJ determined that Plaintiff has no past relevant work. (AR 16.)

At step five, the ALJ determined that Plaintiff could perform the occupations of hand packager, floor waxer, and day worker housecleaner. (AR 17.) The ALJ therefore concluded that Plaintiff is not disabled. (AR 18.)

## DISCUSSION

### The ALJ Properly Discounted Plaintiff's Credibility

Plaintiff argues that the ALJ failed to provide legally sufficient reasons for discounting the credibility of her subjective complaints. The Court disagrees.

**A.     Relevant Law**

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 & n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective

medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's symptom testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. These findings must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.     Analysis**

In this case, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above [RFC] assessment." (AR 15.) Because the ALJ did not find that Plaintiff was malingering, she was required to provide clear and convincing reasons for discounting her credibility. Although the ALJ could have been more explicit about the reasons she discounted Plaintiff's credibility, the Court finds that she provided legally sufficient reasons to support her assessment of Plaintiff's credibility.

First, a reading of the ALJ's decision makes clear that she found that the objective medical evidence did not support Plaintiff's allegations of disabling symptoms. (AR 15-16.) An ALJ may consider whether there is a lack of medical evidence to corroborate a claimant's symptoms as long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). The ALJ noted that examining physician Dr. To found that Plaintiff "could perform medium work provided she have seizure precautions, manipulative activities limited to a frequent basis, and restriction from agility

activities." (AR 15 (citing AR 249).) She also noted that the evidence included records of "acute episodes of body aches, abdominal pain, asthma exacerbation, and probable streptococcal pharyngitis" rather than longstanding, chronic problems. (AR 16.) The ALJ also noted that examining psychiatrist Dr. Gessesse found that Plaintiff "had no significant mental work restrictions." (AR 16 (citing AR 243).) In addition, "[t]he State agency medical consultants concluded [Plaintiff] had non-severe physical and mental impairments." (AR 16 (citing AR 250-70).)

Next, the ALJ found that Plaintiff's illicit drug use detracted from her credibility. The ALJ noted that Plaintiff "testified she last used methamphetamines two days prior to the hearing and smokes when possible." (AR 14; see AR 29-30.) The ALJ also noted that the examining psychiatrist diagnosed Plaintiff with substance-induced mood disorder and a treating clinician diagnosed Plaintiff with amphetamine dependence. (AR 16 (citing AR 243, 284).) Plaintiff told that clinician that she had used methamphetamine and crack ten days before her appointment. (AR 16 (citing AR 280).) The ALJ therefore found that Plaintiff's "ongoing illicit drug use . . . without the presence of regular psychiatric treatment" impacted the validity of some of the psychiatric findings of record. (AR 16.) The ALJ properly considered Plaintiff's drug use in assessing her credibility. See Edlund v. Massanari, 253 F.3d 1152, 1157 (9th Cir. 2001) (holding that evidence of drug-seeking behavior undermines a claimant's credibility); Bunnell, 947 F.2d at 346 ("An adjudicator may also use 'ordinary techniques of credibility evaluation' to test a claimant's credibility.'" (quoting Fair v. Bowen, 885 F.2d 597, 604 n.5 (9th Cir. 1989))).

Finally, even though the ALJ discounted Plaintiff's credibility, she made clear that she considered Plaintiff's "alleged symptoms and limitations" (AR 16), and her decision did not amount to a wholesale rejection of Plaintiff's subjective complaints. For example, the ALJ's finding that Plaintiff was limited to simple, repetitive, nonpublic work reasonably accounted for Plaintiff's testimony that she does not "know how to talk to people" (AR 33), thinks "people talk about [her]" and "everyone's against [her]," and has "a hard time focusing,

concentrating, and remembering." (AR 28.) Notably, the ALJ explicitly relied upon Plaintiff's testimony in including these limitations even though the examining psychiatrist "concluded [Plaintiff] had no significant mental work restrictions." (AR 16.) Similarly, the ALJ's findings that Plaintiff could not tolerate significant exposure to pulmonary irritants and should work in an air-conditioned environment reasonably accounted for Plaintiff's testimony that she has "a hard time breathing" due to asthma. (AR 32.)

Although the ALJ's assessment of Plaintiff's credibility was not a model of clarity, it was "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [Plaintiff's] testimony." See Thomas, 278 F.3d at 958. Accordingly, a reversal or remand is not warranted.

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is AFFIRMED and this case dismissed with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 26, 2012                  /s/ John E. McDermott
                                      JOHN E. MCDERMOTT
                                      UNITED STATES MAGISTRATE JUDGE